Richards v. John Spry Lumber Co.

--------

# S. P. Richards and Lizzie M. Richards v. The John Spry Lumber Company.

1. APPELLATE COURT PRACTICE—*Insufficient Abstracts.*—An abstract which only shows that objections to a master's report were taken, without showing what the report was, is insufficient.

**Bill for Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

WIGHT & WHITNEY, attorneys for appellants.

G. W. STANFORD, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a petition for a mechanic's lien.

Mrs. Lizzie M. Richards, the owner of the property on which a lien was claimed, authorized her husband to make a contract with J. J. White & Co., to repair the same.

Answers to the petition having been filed and issue joined, the cause was referred to a master. We infer from objections filed by appellants to the master's report, that the master reported that appellee was entitled to a lien upon the premises for the sum of $1,300.58.

No abstract of the master's report has been made; only objections to it are shown by the abstract.

It is impossible, from an examination of this abstract, to say that the objections should have been sustained, even if they had been presented to the court below in such manner as is required. The proper practice is described in McManomy v. Walker, 63 Ill. App. 259.

The court rendered a decree giving appellant a lien upon the premises of appellant Lizzie Richards for $1,300.58.

The abstract as to the contents of the master's report contains only the following:

"Exceptions to the master's report filed November 11, 1895, beginning with the formal heading and closed with the formal ending required in a bill of exceptions, and the body of the exceptions, are in the same language and figures as those of the body of the objections filed before the master, and are given in this abstract of evidence of the pages of certified evidence as being from pages 83 to 113 inclusive, these exceptions being given in the certificate of evidence

from the Circuit Court, being identical on pages 459 to 484, inclusive."

It is impossible to determine from this what the master's report was. We can not, for the purpose of reversing the decree of the Circuit Court, assume that the objections correctly state the contents of the master's report, even if they set it forth, which they do not.

Appellee has in his brief called attention to the insufficiency of the abstract, and insisted that the rules of this court in respect to abstracts be enforced. We have frequently passed upon this matter, and can not do otherwise than affirm the decree for want of a sufficient abstract.